Margaret F. Griesinger, w/o William, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Atlantic Richfield Company, Respondents.

Atlantic Richfield Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Margaret F. Griesinger, w/o William, Respondents.

Argued April 9, 1980, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*James Dunworth*, for petitioner.

*Lowell A. Reed, Jr.*, with him *Patricia A. Mattern*, of *Rawle and Henderson*, for respondent.

OPINION BY JUDGE MACPHAIL, May 16, 1980:

Margaret A. Griesinger (Claimant) was awarded workmen's compensation benefits by the referee as the result of a fatal heart attack suffered by her husband. Atlantic Richfield Company (the decedent's employer) appealed to the Workmen's Compensation Appeal Board (Board) which set aside the referee's determination and remanded the case to the referee for necessary findings of fact. Claimant appealed to this Court from that order.

Both parties argued the substantive issues before this Court and neither party desires a remand although the Board's order is clearly interlocutory.

It appears that the crucial factual issue to be determined in the case is whether or not decedent's death was related to his employment.

The Board stated two reasons for the remand order: (1) although the referee specifically stated that he did not rely upon statements by the decedent which were admittedly hearsay, the Board concluded that he did consider such statements and (2) the referee failed to find specifically what caused the decedent's death.

For some time this Court has been confronted with appeals from interlocutory orders and over that period of time articulated certain exceptions to the general rule that no appeal lies from an interlocutory order. However, in *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414

A.2d 161 (1980), our Court has seen fit to eliminate those exceptions and to return to the general rule.

Accordingly, we will quash the instant appeal.

### ORDER

AND Now, this 16th day of May, 1980, the appeal of Margaret F. Griesinger from the order of the Workmen's Compensation Appeal Board, Docket No. A-73780, dated April 20, 1978, is hereby quashed.