S. Kane & Son, Inc., Appellant *v.* City of Philadelphia and Kulzer Roofing, Inc., Appellees.

Argued December 16, 1982, before Judges Rogers, Williams, Jr. and MacPhail, sitting as a panel of three.

*Israel Packel,* with him *Ethel S. Barenbaum,* for appellant.

*Jill A. Douthett,* Deputy City Solicitor, with her *Janet Stern Holcombe,* Assistant City Solicitor, and *Alan J. Davis,* City Solicitor, for appellees.

Opinion by Judge MacPhail, May 5, 1983:

S. Kane & Son, Inc. (Kane) has brought this appeal from an order of the Court of Common Pleas of Philadelphia County sustaining the City of Philadelphia's (City) preliminary objection to a complaint in equity filed by Kane, dismissing the complaint and transferring the matter to the law side of the court.

On August 27, 1980, the City solicited bids for the construction of a new roof on the Fern Rock Shop of the Southeastern Pennsylvania Transportation Authority.[1] The bid specification (Bid No. 4222) for the project specified the use of either "KMM by Koppers, Inc" or "CRM by Grace and Co." as the roofing membrane. Bid No. 4222 also provided that the contract "shall be awarded to the lowest responsible bidder of the method [KMM or CRM] deemed most cost effective by the City." The City received a number of bids for the project, with Kane's bid, using KMM, the lowest at $889,227. The City, however, awarded the contract to Kulzer Roofing, Inc. (Kulzer). Kulzer's bid was $906,271 using CRM. The City contended that Kulzer's bid would be more cost effective over the life of the roof.

Kane thereafter filed a complaint in equity against the City and Kulzer seeking to enjoin them from entering into a contract "with respect to any bidding documents, presently outstanding" for the Fern Rock Shop roof. Kane also sought "a determination that an award of a contract under the outstanding bidding documents . . . can be made only to Kane as the lowest responsible bidder," along with such other relief as the court may deem just and proper.

After a meeting with Judge GELFAND of the Common Pleas Court on February 2, 1981, the parties entered into a stipulation whereby the City agreed not to enter into a contract with Kulzer pursuant to Bid No. 4222.[2] The parties further stipulated to a general continuance, with a hearing to be held upon the request of any party. Subsequently, the City cancelled Bid No. 4222 and revised its bid specifications to exclude the

---

[1] The City is responsible for the maintenance of the Fern Rock Shop.

[2] And to attempt an amicable settlement of the dispute.

KMM roofing material which Kane originally proposed to use. Kane thereafter requested a hearing before the court of common pleas.

The City then filed a motion to dismiss on the grounds that Kane's claims were moot, and also preliminary objections which 1) challenged Kane's standing to sue, 2) contended that Kane failed to state a cause of action and 3) claimed that Kane had an adequate remedy at law. The court, on September 23, 1981, sustained the third objection only[3] and dismissed the complaint with leave to amend within 20 days on the law side of the court, to which the case was transferred.

Kane did not amend its complaint, but instead petitioned for reconsideration of the September 23 order. After oral argument, the trial court on October 16, 1981, denied the petition and again gave Kane 20 days in which to file an amended complaint in the law side of the court. Kane took this appeal from that October 16 order.

Before we may enter into an examination of the merits of this case, we must first determine whether the order from which Kane is appealing is a final order; no appeal can lie to this Court from an interlocutory order unless expressly provided for by statute. *Husted v. Board of Directors of Wellsboro Area School District,* 57 Pa. Commonwealth Ct. 520, 523, 427 A.2d 272, 274 (1981).

The general rule is that an order certifying a case from equity to law is unappealable as interlocutory. *Goldman v. McShain,* 432 Pa. 61, 64, 247 A.2d 455, 456-57 (1968). However, if the effect of the order is to put a party "out of court" as to their present claims, then the order is final and appealable. *Id.* at 65, 247 A.2d at

---

[3] The trial court overruled the other two preliminary objections and denied the motion to dismiss.

457. In determining whether the order is final, we must look beyond the technical effect of the order to its practical ramifications. *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977).

Looking at the practical effects of the order here in question, we are convinced that the order has, as to some of Kane's claims, put Kane out of court and therefore is to that extent final. While the order simply sustains the preliminary objection of an adequate remedy at law, the opinion written[4] in support of the order determines that, as a matter of law, Kane was not entitled to the equitable relief requested and that the trial court did not have equitable jurisdiction.[5] A ruling that Kane could not be given his requested relief must be considered final and appealable.

Turning to the merits of the trial court's decision, we are in complete agreement with the court that Kane was not entitled to the equitable relief requested. Kane sought, by its filed complaint, to enjoin any contract with Kulzer under the "presently outstanding" bidding documents and a court determination[6] that "under the outstanding bidding documents" Kane was the lowest responsible bidder. However, the City had, by way of stipulation, agreed not to enter into a contract with Kulzer and, subsequently, the City withdrew

[4] Pursuant to Pa. R.A.P. 1925(a).

[5] [T]he defense of the existence of an adequate remedy at law does not question the power of the equity courts to inquire into the merits of the case, but rather, relates to the form of the action as one not requiring the special remedies available in the equity court, and thus better suited to be brought in the law side of the court.

*Kramer v. Kramer,* 260 Pa. Superior Ct. 332, 339, 394 A.2d 577, 581 (1978) (citations omitted). For the court to state it was without power to grant the relief requested is not a ruling that this matter was "better suited" to the law side.

[6] The manner in which this relief is phrased appears to be a request for a declaratory judgment.

Bid No. 4222 entirely and rebid the contract. As Bid No. 4222 was no longer "presently outstanding," Kane could not receive the equitable relief requested. *See Vitelli v. Liquor Control Board,* 73 D. & C.2d 281 (1975). As for any remaining claims to monetary damages, the court's decision to transfer that portion to the law side is interlocutory.

Kane contends that it should have been given permission to amend its complaint in equity to allege certain improprieties in the City's decision to withdraw Bid No. 4222 and rebid the project with different specifications. Kane contends that such improprieties would entitle it to an injunction ordering the City to contract with Kane. While Kane did, by its Petition for Reconsideration, request leave to amend in equity, its Petition did not assert any claims concerning the City's decision to rebid the project. Kane apparently did informally mention further equitable claims at oral argument on its Petition, but failed to take the court's suggestion to file an amended complaint outlining its assertions. We see no error in the court's order granting leave to amend only on the law side in these circumstances.

Order affirmed.

## ORDER

The Order of the Court of Common Pleas of Philadelphia County in the above captioned matter, entered October 16, 1981, is hereby affirmed.