Gary W. Rank, Petitioner *v.* John C. Balshy et al., Respondents.

Argued January 31, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Dennis J. Valenza,* with him *Gilbert B. Abramson, Abramson, Freedman & Blackman, P.C.,* for petitioner.

*Maura A. Johnston,* Deputy Attorney General, with her, *Randall G. Gale,* Deputy Attorney General, Torts Litigation Unit, *Allen C. Warshaw,* Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, May 11, 1984:

Gary W. Rank (Petitioner) filed a Complaint in Trespass in this Court on April 24, 1981, against the Commonwealth of Pennsylvania, the Pennsylvania State Police and four individual State Troopers[1] (Respondents). The complaint alleged that Respondents violated Petitioner's civil rights[2] and committed several torts, including battery, false imprisonment, malicious prosecution, abuse of process, intentional infliction of emotional distress and defamation, pursuant to the unsuccessful prosecution of Petitioner in connection with the murder of Helen Horn.

The procedural history of this action is complex. After the action was filed in our Court, we transferred the case, *sua sponte,* on April 30, 1981, to the Court of

---

[1] The individual State Troopers are John C. Balshy, Dean B. Shipe, Joseph A. Van Nort and John J. Holtz.

[2] Sections 1983 and 1985 of the Federal Civil Rights Act, 42 U.S.C. §§1983, 1985 (1982).

Common Pleas of Dauphin County, pursuant to the jurisdictional mandate of Section 761(a)(1)(v) of the Judicial Code, 42 Pa. C. S. §761(a)(1)(v)[3] (Code). Notwithstanding our order, from which no appeal was taken, the court of common pleas entertained a petition from the Respondents raising the question of the jurisdiction of that court and entered an order re-transferring the case to us, holding that *we* have exclusive jurisdiction pursuant to the provisions of Section 761 of the Code[4] inasmuch as that court could find no exception to our Court's exclusive jurisdiction provided in that Section for causes of action based upon civil rights violations.[5]

---

[3] This Court's order transferred the case on April 30, 1981, pursuant to 42 Pa. C. S. §761(a)(1)(iv), (actions or proceedings in trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity). By subsequent amendment of the Act of December 20, 1982, P.L. 1409, this section became 42 Pa. C. S. §761(a)(1)(v), (actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass). Since the pertinent language to this case is "actions or proceedings in trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity" which is the identical language in both sections, this opinion will refer to the more recent cite, 42 Pa. C. S. §761(a)(1)(v).

[4] It is unfortunate that the Plaintiff-Petitioner is the victim of this procedural football but this Court must very carefully scrutinize cases alleged to be in its original jurisdiction because we are ill-equipped from the standpoint of personnel and physical facilities to engage in the trial of cases, especially those where a jury must be impanelled. While we respect and hold in highest regard the common pleas trial courts in the Commonwealth, we believe that an order of this Court which has not been appealed should be enforced rather than reviewed by a court of common pleas.

[5] The Court did not address the Petitioner's contention that by failing to appeal from our order of April 30, 1981, the Commonwealth and State Police had waived their right to a review of the jurisdictional issue.

In a pre-argument order, we directed that Respondents' motion for summary judgment and the question of this Court's jurisdiction be addressed. Since we once again conclude that we do not have jurisdiction in this case, we cannot rule upon the motion for summary judgment.

There can be no doubt that we may examine the question of our jurisdiction *sua sponte, Husted v. Board of Directors of Wellsboro Area School District,* 57 Pa. Commonwealth Ct. 520, 427 A.2d 272 (1981), notwithstanding the fact that both parties contend that we do have jurisdiction.

The Petitioner's complaint in trespass alleges that the tortious acts of the individual Troopers constituted a willful deprivation of his federal constitutional rights in violation of 42 U.S.C. §§1983 and 1985. In count II of the complaint, Petitioner avers that the Commonwealth and Pennsylvania State Police violated his civil rights in violation of Sections 1983 and 1985 *and* his rights secured by the Constitution of Pennsylvania in that they, the Commonwealth and Pennsylvania State Police, failed to exercise due care over the selection of State Troopers, failed to train and exercise due control over the individual Respondent State Troopers and failed to exercise proper control over custodians and other personnel in the Dauphin County Jail. The complaint alleges that the tortious acts of the individual Troopers were committed while they were engaged within the scope of their employment with the Commonwealth and the State Police.

It cannot be disputed that, unless the individual Troopers were "officers" of the Commonwealth within the meaning of that term as used in 42 Pa. C. S. §761(a), which defines our exclusive original jurisdiction, we have no such jurisdiction with respect to those

Respondents. This Court has clearly distinguished Commonwealth officers from Commonwealth employees. *See Opie v. Glascow,* 30 Pa. Commonwealth Ct. 555, 375 A.2d 396 (1977) and *Forney v. Harrisburg State Hospital,* 18 Pa. Commonwealth Ct. 17, 336 A.2d 709 (1975). Officers of the Commonwealth are those to whom are delegated some sovereign functions of government, whereas employees of the Commonwealth merely exercise subordinate ministerial functions. In *Schroeck v. Pennsylvania State Police,* 26 Pa. Commonwealth Ct. 41, 48, 362 A.2d 486, 490 (1976), we held, *inter alia,* that three State Troopers were employees of the Commonwealth and thus an action against them was *not* within our original jurisdiction, exclusive or otherwise. We there transferred the case to the appropriate court of common pleas. The same result must obtain in the case *sub judice.*

We now proceed to the question of our original jurisdiction with respect to the asserted liability of the Respondents based upon 42 U.S.C. §§1983 and 1985. We first note that a relatively recent decision of the U.S. Supreme Court has stated that that Court has never considered whether a state *must* entertain a claim under Section 1983. *Martinez v. California,* 444 U.S. 277, 283 n. 7 (1980). It has been held by that same Court that a Section 1983 claim is a species of tort liability. *Imbler v. Pachtman,* 424 U.S. 409 (1976). In *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077 (3d. Cir. 1976) it was held that Section 1983 suits may not impose liability based upon the traditional standards of respondeat superior.

As we have noted, the basis for our original jurisdiction is set forth in 42 Pa. C. S. §761. The parties now before us contend that we have original jurisdiction in the instant case by virtue of the fact that the suit is against the Commonwealth government, 42 Pa.

C. S. §761(a)(1). The issue, however, is whether any of the exceptions set forth thereafter in Section 761-(a)(1) apply to actions brought to enforce the provisions of 42 U.S.C. §§1983 and 1985. We were of the original opinion which we now affirm that the exception for "actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity" is fully applicable here.

There can be no reason for the statutory exception other than to direct the trial of such cases to courts best equipped for such trials. A careful review of the allegations in the instant complaint discloses a myraid of factual matters to be resolved. Apart from the pragmatic approach, however, there is sound legal authority to support our decision in this matter. In *Kapil v. Association of Pennsylvania State College and University Faculties,* 68 Pa. Commonwealth Ct. 287, 448 A.2d 717 (1982), *rev'd on other grounds,* Pa.    , 470 A.2d 482 (1983), we held that "traditional" state sovereign immunity *clearly* pre-existed Section 1983. If such immunity existed at that time, it certainly falls within the statutory exception of actions or proceedings as to which the Commonwealth government *formerly* enjoyed sovereign immunity. In *Kapil,* Judge WILLIAMS pointed out that in *Quern v. Jordan,* 440 U.S. 332 (1979), the U.S. Supreme Court held that in enacting Section 1983, Congress did not intend to override the traditional concept of sovereign immunity. True it is that after our Supreme Court abolished traditional sovereign immunity in *Mayle v. Dept. of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), the legislature replaced it with statutory language, 42 Pa. C. S. §§8521-8528, but the fact remains that the only purpose of that statute was to restore sovereign immunity where it formerly existed.

We do not here decide whether in fact sovereign immunity will bar the instant action as to any of the parties; all that we say now is that since the Commonwealth and the State Police formerly enjoyed sovereign immunity in cases in the nature of trespass, of which. this is one, we do not have jurisdiction here. This *is* a case in the nature of trespass, of course: the Petitioner has so entitled his complaint, the specific allegations of wrong-doing by the Respondents are tortious and the Federal Courts have declared that a Section 1983 claim is a "species of tort liability". *Imbler.*

Concerning the specific allegations of wrong-doing by the Commonwealth and State Police alleged to be a violation of Petitioner's civil rights under our state constitution, we say only that if such rights exist[6], an action based thereon again would be one where the Commonwealth and State Police formerly enjoyed sovereign immunity.

For the foregoing reasons we will transfer this case to the Court of Common Pleas of Dauphin County pursuant to the provisions of Pa. R.C.P. No. 213(f) for disposition of the remaining pending motions and trial of the cause, if necessary.

### ORDER

This case is transferred to the Court of Common Pleas of Dauphin County for all further proceedings, including the disposition of any remaining motions and for trial of the cause if and when necessary.

---

[6] The court of common pleas in its memorandum opinion found that the averment of the violation of such constitutional rights under the Pennsylvania Constitution was based "presumably" on Article I, Section 26 and was sufficient to lodge jurisdiction in this Court rather than in the court of common pleas.