Richard J. Toner, Petitioner v. Honorable Clement J. McGovern, Jr., Judge of the Court of Common Pleas of Delaware County, Media, Pa. et al., Respondents.

Submitted on briefs October 11, 1984, to Judges ROGERS, WILLIAMS, JR. and Senior Judge KALISH, sitting as a panel of three.

*Richard J. Toner,* petitioner, for himself.

*Paul J. Gelman,* with him, *Charles W. Johns,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., January 21, 1985:

Plaintiff, Richard J. Toner, filed a civil rights action pursuant to 42 U.S.C. §1983 against a common pleas judge,[1] assistant district attorney,[2] and an assistant public defender,[3] and invokes the original jurisdiction of this Court under Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1). The defendants have filed preliminary objections to the complaint in the nature of a demurrer, which also attack plaintiff's standing, method of service and raises the affirmative defense of judicial immunity.

Plaintiff's complaint alleges that the named defendants, during sentencing negotiations following

---

[1] The Honorable CLEMENT J. McGOVERN, JR.

[2] Thomas Regan, Esquire. The record indicates, however, that Mr. Regan has not been associated with Delaware County District Attorney's Office since 1980.

[3] Douglas Smith, Esquire.

his wife's criminal conviction in Delaware County Common Pleas Court, acted and conspired to deprive him of his rights of association and privacy with his wife, Janice Toner, without affording him due process of law. The deprivation occurred as a result of a condition placed upon Mrs. Toner's probation on July 2, 1979 that she not associate with the plaintiff, her husband. Plaintiff was his wife's criminal co-conspirator. According to plaintiff, that condition of probation expired in December 1983. Plaintiff and his wife were tried separately in common pleas court and plaintiff was not a party to nor represented in the negotiations and hearings which resulted in that condition of probation being imposed upon his wife by Judge McGovern. Plaintiff claims he had a right to notice and an opportunity to be heard before that condition, which affected his marital relationship, was imposed. He further asserts that, as a result, he was denied due process of law and wrongfully deprived of his rights of privacy and association with his wife and family as guaranteed by the First and Ninth Amendments to the Federal Constitution as to be entitled to an award of monetary damages. All of the named defendants were sued in their official capacities.

Although no party has raised the issue of our jurisdiction to hear Toner's case, we examine the issue *sua sponte. Husted v. Board of Directors of Wellsboro Area School District,* 57 Pa. Commonwealth Ct. 520, 427 A.2d 272 (1981). We conclude that the instant case is governed by our decision in *Rank v. Balshy,* 82 Pa. Commonwealth Ct. 362, 475 A.2d 182 (1984), aff'd      Pa.    ,     A.2d     (70 M.D. 1985, filed April 2, 1985), in which we held that suits brought under the Federal Civil Rights Act were not within our original jurisdiction. Such suits are

properly brought in an appropriate common pleas court.

*Rank* involved allegations of civil rights violations committed by the Pennsylvania State Police, several named State Troopers, and the Commonwealth in general, as a result of an unsuccessful prosecution of Rank in a murder case. There, we took note that the United States Supreme Court has held that a Section 1983 claim is a species of tort liability. *Imbler v. Pachtman,* 424 U.S. 409 (1976). We concluded that Rank's Section 1983 claim was in the nature of a trespass action as to which the Commonwealth formerly enjoyed immunity and was specifically excepted from our original jurisdiction by 42 Pa. C. S. §761(a)(1)(iv). *Rank,* 82 Pa. Commonwealth Ct. at 366-67, 475 A.2d at 185.

We are satisfied that Toner's complaint falls within the same exception to our original jurisdiction as did the complaint in *Rank.* Therefore, we lack jurisdiction to hear the matter and accordingly transfer this case to the Court of Common Pleas of Delaware County pursuant to Pa. R.C.P. No. 213(f) for disposition of the pending preliminary objections and trial, if necessary.

ORDER

AND Now, this 21st day of January, 1985, this matter is transferred to the Court of Common Pleas of Delaware County pursuant to Pennsylvania Rule of Civil Procedure No. 213(f) for disposition of preliminary objections heretofore filed and undisposed of and further proceedings thereafter, if necessary.

The Chief Clerk shall certify to the Prothonotary of said court photocopies of the docket entries of the above-captioned matter and transfer to him the record thereof.