IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan Sokorelis,      :
      Petitioner  :
          :
    v.      :
          :
Pennsylvania Department of   :
Corrections, George Little (Secretary :
of Corrections), Keri Moore (Chief :
Grievance Office), Lonnie Oliver  :
(Superintendent, SCI-Albion),   :
Patricia Thompson (Deputy    :
Superintendent),       : No. 350 M.D. 2022
      Respondents : Submitted:  October 10, 2023

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON      FILED: November 17, 2023

   Before this Court in our original jurisdiction,[1] is the petition for review

(Petition) of Jonathan Sokorelis (Sokorelis), *pro se*, which seeks redress for the

---

[1] Although this matter was docketed in our original jurisdiction, we note Sokorelis's assertion that "[t]his Court has jurisdiction over this matter pursuant to Section 763 of the Judicial Code, 42 Pa.C.S. § 763." Petition at 1, ¶ 1.  That statutory provision relates to direct appeals from government agencies.  However, "the Commonwealth Court does not have appellate jurisdiction over inmate appeals of decisions by intra-prison disciplinary tribunals, such as grievance and misconduct appeals." *Weaver v. Pa. Dep't of Corr.*, 829 A.2d 750, 751 (Pa. Cmwlth. 2003) (citing *Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 358-59 (Pa. 1998)); *see also Bronson*, 721 A.2d at 358-59 (explaining that "the procedures for pursuing inmate grievances and misconduct appeals

alleged deprivation of sufficient outdoor exercise time by the Pennsylvania Department of Corrections (Department); George Little, Secretary of the Department; Keri Moore, Chief Grievance Officer; Lonnie Oliver, Superintendent of the State Correctional Institution at Albion ("SCI-Albion" and "Oliver," respectively); and Patricia Thompson, Deputy Superintendent of SCI-Albion (collectively, Respondents). Respondents filed preliminary objections and an application for summary relief (Application). Upon review, we sustain Respondents' preliminary objection asserting lack of jurisdiction over the Petition, and we transfer the Petition to the Court of Common Pleas of Erie County for disposition of the remaining preliminary objections and the Application.

## I. Petition for Review

In mid-2022, Sokorelis filed the Petition, which contains the following allegations. *See* Pet. for Rev. at 1. Sokorelis is incarcerated at SCI-Albion. *Id.*, ¶ 2. Beginning in March 2020, inmates' outdoor exercise time was limited due to certain "mitigation measures" necessitated by the COVID-19 pandemic. *Id.* at 2-3, ¶ 6(B)-(D). Sokorelis avers that "most, if not all other [] institutions" reverted to pre-pandemic outdoor exercise protocols following the lapse of the Commonwealth's state of emergency in September 2021, but that SCI-Albion did not. *Id.* at 3-5, ¶ 6(E), (Q). Sokorelis also alleges that it takes approximately five minutes to walk to

are a matter of internal prison administration . . . . Therefore, the [C]ommonwealth [C]ourt does not have appellate jurisdiction under [Section 763 of the Judicial Code,] 42 Pa.C.S § 763, over inmate appeals of decisions by intra-prison disciplinary tribunals."). Further, this Court has observed that we "usually do[] not have original jurisdiction over an inmate's petition for review after a grievance proceeding." *Weaver*, 829 A.2d at 751. *See* discussion *infra* at 9-11.

the outdoor yard "for some blocks," thereby reducing the total time spent outdoors. Pet. for Rev. at 4, ¶ 6(L).

Sokorelis filed a grievance pertaining to the restrictions on outdoor recreation time, which was denied. *Id.* at 5, ¶ 6(S); *see also id.*, Exs. A2-A6. Sokorelis appealed through the internal inmate grievance system, but that appeal was unsuccessful. *See id.*, Exs. A4-A6.

Sokorelis contends that the Department erred in denying his grievance. *See* Petition at 2, ¶ 6.[2] Further, Sokorelis asserts that Respondents are violating "[T]itle 61, Chapter 59, § 5901 Physical Welfare of Inmates"[3] by denying him at least two hours of outdoor recreation per day, weather permitting. *Id.* at 1. Sokorelis maintains that Section 5901 "provides a state-created liberty interest" such that Respondents' violation thereof violates his due process and equal protection rights.

---

[2] We note, however, that a facility manager and a chief grievance officer internal to SCI-Albion decided Sokorelis's grievance appeals, rather than the Department. *See* Petition, Exs. A4 & A6; *see also supra* note 1.

[3] Section 5901 of the Prisons and Parole Code, 61 Pa.C.S. §§ 101-7301, provides, in relevant part:

> (a) Physical exercise.--
>
> (1) A chief administrator who may or shall have in charge any inmate, whether the inmate has been tried or not, shall provide the inmate with at least two hours of daily physical exercise in the open, weather permitting, and, upon such days on which the weather is inclement, with two hours of daily physical exercise inside of the correctional institution.
>
> (2) The physical exercise must be safe and practical, and the judges of several courts are to be the judges thereof.
>
> (3) Inmates in segregation or disciplinary status shall receive a minimum of at least one hour of daily exercise five days per week.

61 Pa.C.S. § 5901(a)(1)-(3).

*Id.* Moreover, Sokorelis insists that Respondents' violation "is taking a significant toll on [his] mental and physical heath." *Id.* Sokorelis also contends that Oliver's failure to remedy the alleged violation constitutes a crime under Section 5301 of the Crimes Code,[4] 18 Pa.C.S. § 5301.[5]

Sokorelis asks that this Court provide declaratory relief "by affirming that laws were broken" and declaring that Respondents violated his rights. *Id.* at 6. Sokorelis further requests that this Court grant injunctive relief by ordering Respondents to comply with Section 5901 of the Prisons and Parole Code, 61 Pa.C.S. § 5901. *Id.* Sokorelis also seeks punitive damages in the amount of $500,000, plus an amount determined by this Court for each day Respondents refuse compliance. *Id.* Lastly, Sokorelis requests compensatory damages for expenses incurred in filing grievances and the Petition. *Id.*

---

[4] 18 Pa.C.S. §§ 101-9546.

[5] Section 5301, Official Oppression, provides:

> A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:
>
> (1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or
>
> (2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa.C.S. § 5301.

4

## II. Preliminary Objections and Application for Summary Relief

Respondents filed preliminary objections requesting that this Court dismiss the Petition on various bases, including, *inter alia*, lack of jurisdiction, mootness and sovereign immunity.[6] *See* Preliminary Objections to Petition (P.O.s) at 1-8.

In February 2023, Respondents filed the Application, requesting that this Court dismiss the Petition as moot pursuant to Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1532(b).[7] Appl. for Relief at 1-3.

---

[6] In ruling on preliminary objections,

> our review is limited to the pleadings. . . . We are required to accept as true the well-[pleaded] averments set forth in the . . . [petition for review], and all inferences reasonably deducible therefrom. . . . Moreover, the court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. . . .

*Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 415-16 (Pa. Cmwlth. 2006) (citations omitted). A preliminary objection to the legal sufficiency of a pleading, commonly known as a demurrer, raises questions of law, and we "must decide whether it is clear from the well-pleaded facts and reasonable inferences from those facts that the claimant has not established a right to relief." *Yocum v. Pa. Gaming Control Bd.*, 161 A.3d 228, 233-34 (Pa. 2017). "Preliminary objections in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Id.* at 274. "[T]he question presented by [a] demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Bilt–Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005). "In addition, courts reviewing preliminary objections may not only consider the facts [pleaded] in the [petition for review], but also documents or exhibits attached to it." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). However, in the context of a demurrer, the Court need not accept as true any averments in the petition that conflict with the exhibits attached thereto. *Id.* (citing *Philmar Mid-Atl., Inc. v. York St. Assocs. II*, 566 A.2d 1253, 1254 (Pa. Super. 1989)).

Sokorelis filed an answer to Respondents' preliminary objections.

[7] Pennsylvania Rule of Appellate Procedure 1532(b), titled "Summary Relief," provides that "([a]t any time after the filing of a petition for review in an appellate or original jurisdiction

Respondents assert that the yard schedule, redacted logs, and declaration attached to their Application establish that Sokorelis now receives at least two hours of daily outdoor physical exercise in the open yard, weather permitting. Appl. for Summ. Relief at 1-2, ¶ 5.[8] Thus, Respondents assert that "[b]ased on the change in circumstances from 2022 to 2023, the request for injunctive relief has been rendered moot." *Id.* at 2, ¶ 8.

Because Respondents' preliminary objection asserting lack of jurisdiction is dispositive, we address it first.

### III. Discussion

We agree with Respondents that this Court lacks jurisdiction to decide the Petition.[9] Section 761(a) of the Judicial Code provides that, with certain exceptions not applicable here, this "Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any

---

matter, the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). As Respondents were seeking dismissal for mootness rather than entry of judgment, the Application should have instead cited Rule 1972(a)(4), which expressly allows a party to move for dismissal on the basis of mootness. *See* Pa.R.A.P. 1972(a)(4) (providing that "subject to Pa.R.A.P. 123, any party may move . . . [t]o dismiss for mootness."); *Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010) (stating that "Pa. R.A.P. 1972(a)(4) permits a party to move for dismissal for mootness during litigation").

[8] Respondents' Application contains two paragraphs corresponding to the numbered five. The above citation references the second paragraph numbered as five.

[9] Although Respondents raised this point for the first time in the brief in support of their preliminary objections, we may address a question involving the Court's subject matter jurisdiction *sua sponte*. *See Fried v. Fried*, 501 A.2d 211 (Pa. 1985) (stating, "questions relating to jurisdiction are not waived by the failure of the parties to raise them, and may properly be raised by the court *sua sponte*"); *St. Clair v. Pa. Bd. of Prob. & Parole*, 493 A.2d 146, 150 (Pa. Cmwlth. 1985) (explaining that "this Court may always raise *sua sponte* the issue of its own subject matter jurisdiction").

officer thereof, acting in his official capacity[.]" 42 Pa.C.S. § 761(a). Although the Petition names the Department and the Department's Secretary as respondents, we nevertheless lack original jurisdiction thereof.

In *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004), an inmate practicing Orthodox Judaism was transferred to a state correctional institution which allegedly failed to provide kosher meals. *Id.* at 163. The inmate filed a complaint in common pleas court seeking an order directing the institution to provide kosher meals, compensatory and punitive damages, declaratory relief, injunctive relief and any other relief that the court deemed just. *Id.* The complaint named as defendants various Commonwealth officials and employees, including the Secretary of the Department (Secretary). *Id.* The common pleas court dismissed the complaint on the basis that it lacked jurisdiction over the Secretary. *Id.* We reversed, holding:

> First, in order for this Court to have original jurisdiction, the Commonwealth party must be *indispensable. Piper Aircraft Corp*[.] *v. Ins*[.] *Co*[.] *of N*[.] *Am*[.], . . . 417 A.2d 283 ([Pa. Cmwlth.] 1980). Although [the Secretary] is named in the caption of the complaint, absolutely no relief is sought against him. [Former Secretary Jeffrey] Beard is mentioned only once in the body of the complaint, where [the inmate] avers that he wrote a letter to him. . . . Merely including in the caption of the complaint the Commonwealth government or a state-wide officer, against whom no relief is sought, will not operate to vest this Court with original jurisdiction. [*Pa.*] *State Educ*[.] *Ass*[*'n*] *v. Dep*[*'t*] *of Educ*[.]*,* . . . 516 A.2d 1308 ([Pa. Cmwlth.] 1986). Here, only the food service at a single correctional institution is at issue and Miles does not allege the existence of any *state-wide* policy that would preclude his receiving kosher meals. In fact, [the inmate] requested and received kosher meals while incarcerated at SCI–Graterford and SCI–Camp Hill. Thus, [the Secretary] is not indispensable to this action. Therefore, inclusion of Beard's name in the caption did not divest the court of common pleas of jurisdiction.

*Miles*, 847 A.2d at 164.

Here, the Petition names the following respondents: the Department, the Secretary of the Department, the Chief Grievance Officer, the Superintendent of SCI-Albion, and the Deputy Superintendent of SCI-Albion. Only the Department and the Secretary of the Department constitute Commonwealth parties for purposes of Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a); *see also Rank v. Balshy*, 475 A.2d 182, 184 (Pa. Cmwlth. 1984), *aff'd*, 490 A.2d 415 (Pa. 1985) (explaining that "[o]fficers of the Commonwealth are those to whom are delegated some sovereign functions of government, whereas employees of the Commonwealth merely exercise subordinate ministerial functions").[10] *See* Section 102 of the Prisons and Parole Code, 61 Pa.C.S. § 102 (defining the term "chief administrator" as "[t]he warden, *superintendent* or other officer in charge of a correctional institution") (emphasis added). Here, Sokorelis "does not allege the existence of any ***state-wide*** policy" interfering with his access to outdoor physical exercise under Section 5901(a) of the Prisons and Parole Code, 61 Pa.C.S. § 5901(a). *Miles*, 847 A.2d at 164. To the contrary, he suggests that SCI-Albion is an outlier institution not conforming to the protocols observed at other prisons. Thus, the inclusion of the Department and its Secretary as respondents does not bestow original jurisdiction upon this Court. *See id.*

---

[10] We note that of the remaining respondents, only the superintendent of SCI-Albion is directly implicated by Section 5901(a) of the Prisons and Parole Code. *See* 61 Pa.C.S. § 5901(a) (providing that "[a] chief administrator who may or shall have in charge any inmate . . . shall provide the inmate with at least two hours of daily physical exercise in the open, weather permitting . . . .").

## IV. Conclusion

Accordingly, we sustain Respondents' preliminary objection asserting lack of jurisdiction. *See* Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a); *Miles*, 847 A.2d at 164. The Petition is transferred to the Court of Common Pleas of Erie County[11] for disposition of the remaining preliminary objections and the Application. *See Brungard v. Hartman*, 405 A.2d 1089 (Pa. Cmwlth. 1979) (transferring action to common pleas court for lack of original jurisdiction, where state college professor named as defendant was not an officer of the Commonwealth for purposes of Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)).[12]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[11] The proper common pleas court is that where the prison at issue is located. *See Mickens v. Jeffes*, 453 A.2d 1092, 1093 (Pa. Cmwlth. 1983).

[12] Pursuant to Pennsylvania Rule of Appellate Procedure 751(a),

> [i]f an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

Pa.R.A.P. 751(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan Sokorelis,           :
          Petitioner      :
                        :
        v.             :
                        :

Pennsylvania Department of :
Corrections, George Little (Secretary :
of Corrections), Keri Moore (Chief :
Grievance Office), Lonnie Oliver :
(Superintendent, SCI-Albion), :
Patricia Thompson (Deputy :
Superintendent), : No. 350 M.D. 2022
          Respondents    :

## O R D E R

AND NOW, this 17th day of November, 2023, we sustain the preliminary objection asserting lack of jurisdiction that was filed by the Pennsylvania Department of Corrections (Department); George Little, Secretary of the Department; Keri Moore, Chief Grievance Officer; Lonnie Oliver, Superintendent of the State Correctional Institution at Albion; and Patricia Thompson, Deputy Superintendent of SCI-Albion (collectively, Respondents). The petition for review filed by Jonathan Sokorelis is transferred to the Court of Common Pleas of Erie County for disposition of the remaining preliminary objections and the application for summary relief filed by Respondents.

_____
CHRISTINE FIZZANO CANNON, Judge