Rashad CUNNINGHAM, Petitioner

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 22, 2010.

Decided March 12, 2010.

Rashad Cunningham, petitioner, pro se.

Debra S. Rand, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for respondent.

BEFORE: LEADBETTER, President Judge, SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge SIMPSON.

Before this Court in its original jurisdiction is a preliminary objection in the nature of a demurrer filed by the Depart-

ment of Corrections (DOC), to a petition for review in the nature of a complaint in mandamus (complaint) filed by unrepresented inmate Rashad Cunningham. Relying on DOC Policy DC–ADM 003 (relating to the release of inmate information), Cunningham, representing himself, seeks to have DOC provide, from its own records, his pre-sentence investigation report. Because we agree with DOC that Cunningham's complaint is legally insufficient to state a cause of action in mandamus, we sustain DOC's preliminary objection and dismiss the complaint.

In his complaint, Cunningham alleges the following facts. Cunningham is incarcerated at SCI–Mahanoy (SCI). In November, 2008, Cunningham submitted an inmate request to SCI to obtain a copy of his pre-sentence investigation report. Compl., Ex. A. SCI's Records Supervisor denied the request, explaining "[w]e cannot provide you with a copy of a [pre-sentence investigation report] you have to request that from the county directly." *Id.*

Thus, in December, 2008, Cunningham submitted a grievance with the SCI Superintendent's Assistant, seeking a copy of his pre-sentence investigation report. *Id.* at Ex. E. In Cunningham's grievance, he asserted that pursuant to DC–ADM 003, he had the right to access inmate information such as sentencing data. As such, Cunningham contended his pre-sentence investigation report constituted sentencing data and, thus, he had a right to access the report. The SCI Superintendent's Assistant, however, denied Cunningham's grievance, explaining:

'Sentencing Data' refers to information pertaining to the duration of [an inmate's] confinement including, but not limited to, the crime committed, the sentence imposed and dates of incarceration. The document you requested is considered confidential and is not considered sentencing data. As such, it will not be released to you.... [Y]ou can request your [pre-sentence investigation report] directly from the county as [it is] the [author] of the document.

*Id.* at Ex. F.

In January, 2009, Cunningham appealed the initial denial of his grievance to the SCI Superintendent, requesting that he review the denial. *Id.* at Ex. G. Upon review, the SCI Superintendent denied Cunningham's appeal. The SCI Superintendent explained his Assistant appropriately denied Cunningham's grievance, and Cunningham should follow his instruction and request the pre-sentence investigation report from the county. Compl., Ex. H.

Cunningham submitted an appeal to the Secretary's Office of Inmate Grievance and Appeals seeking final review of his grievance. *Id.* at Ex I. The Chief Grievance Officer, however, denied Cunningham's appeal, stating "[n]o where in the DC ADM 003 does it state that you are permitted to obtain a copy of your [pre-sentence investigation] report." *Id.* at Ex. J.

As a result, in April, 2009, Cunningham filed a complaint in this Court. Through his complaint, Cunningham asserts that pursuant to Pa. R.Crim. P. 707(1) (relating to documents transmitted to prison), the sentencing court delivered his pre-sentence investigation report to SCI. Cunningham further asserts that pursuant to DC–ADM 003, he has a right to access inmate information and that there are no requirements within the policy limiting the information he can access. Thus, Cunningham contends he has a right to access a copy of his pre-sentence investigation report as inmate information.

In response, DOC filed a preliminary objection in the nature of a demurrer, asserting DC–ADM 003 does not create

any right in Cunningham to obtain his presentence investigation report because under Pa. R.Crim. P. 703 (relating to disclosure of pre-sentence reports), the report is a confidential document, which Cunningham is not permitted to access without court order.

When ruling on a preliminary objection in the nature of a demurrer, this Court considers as true all well-pled facts that are material and relevant as well as all inferences reasonably deducible from those facts. *Portalatin v. Dep't. of Corr.*, 979 A.2d 944 (Pa.Cmwlth.2009). In determining whether to sustain a demurrer we need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Id.*

Furthermore, this Court may only issue a writ of mandamus where the inmate possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the defendant possesses a corresponding duty to perform the act, and the inmate possesses no other adequate or appropriate remedy. *Lawrence v. Dep't of Corr.*, 941 A.2d 70 (Pa. Cmwlth.2007). In addition, the purpose of mandamus is not to establish legal rights but to enforce those rights already existing beyond peradventure. *Id.* Mandamus will not be granted in doubtful cases. *Id.*

Here, we agree with Cunningham that pursuant to DC–ADM 003, he has the right to seek access to inmate information. We disagree, however, that Cunningham's right to access inmate information under DC–ADM 003 provides him the right to access a copy of his pre-sentence investigation report.

First, under DC–ADM 003, "[a]n inmate may seek access to information maintained at the facility where incarcerated...." DC–ADM 003(VI)(A)(1). Inmate information is divided into 13 categories. The only category that Cunningham's pre-sentence investigation report would remotely fall within is the category labeled "sentencing data." Sentencing data is defined as "[i]nformation pertaining to the duration of the inmate's confinement including, but not limited to, the crime committed, the sentence imposed, and dates of incarceration." DC–ADM 003(IV)(D)(12). Accordingly, it appears that sentencing data is comprised of the type of information included within a criminal docket sheet.[1]

On the other hand, a pre-sentence investigation report is comprised of:

a summary of the circumstances attending the commission of the crime, the history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation and personal habits of the defendant, any history of drug or alcohol abuse or addiction and any other matters that the person preparing the report deems relevant or that the court directs be included.

42 Pa.C.S. § 9732. In addition, the presentence investigation report includes "a victim impact statement as provided by law." Pa. R.Crim. P. 702(A)(4).

Thus, although DC–ADM 003 does not limit sentencing data to the type of information enumerated within the policy, it is not clear that sentencing data includes the broader type of information contained within a pre-sentence investigation report.

---

1. The most recent DC–ADM 003 policy does not define sentencing data. *See* DC–ADM 003 (2010). However, in November, 2008, at the time of Cunningham's request for his pre-sentence investigation report, DC–ADM 003 provided a definition for sentencing data. *See* DC–ADM 003(IV)(D)(12) (2007).

Moreover, after sentencing, an inmate generally does not have a right to access a copy of his pre-sentence investigation report without an order of the sentencing court. Rule of Criminal Procedure 703(C) provides:

> After sentencing, *unless the sentencing judge otherwise orders* ... psychiatric, psychological, and pre-sentence reports shall ... be available to:
>
> (1) correctional institutions housing the defendant; and
>
> (2) departments of probation or parole supervising the defendant; and
>
> (3) departments of probation or parole preparing a pre-sentence investigation report regarding the defendant.
>
> The reports shall continue to be *confidential and not of public record.*

Pa. R.Crim. P. 703(C) (emphasis added). Thus, regardless of whether SCI maintains a copy of Cunningham's pre-sentence investigation report, Cunningham is not one of the few individuals who are permitted to access the report after sentencing without an order of the sentencing court.[2] As a result, we conclude Cunningham lacks a clear legal right to compel DOC to provide him access to a copy of his pre-sentence investigation report. *Lawrence.*

Further, as explained by the DOC employees in their denials of Cunningham's requests to access a copy of his pre-sentence investigation report, Cunningham may have an alternate means of obtaining a copy of this report. For these reasons, Cunningham's complaint is legally insufficient to state a cause of action in mandamus. *Id.*

Accordingly, we sustain the Board's preliminary objection, and we dismiss Cunningham's complaint with prejudice.

---

2. In addition, the comment to Pa. R.Crim. P. 707 provides "[i]t is intended that the confidentiality of such reports remain as secure

### ORDER

**AND NOW,** this 12th day of March, 2010, the preliminary objection in the nature of a demurrer filed by the Department of Corrections is **SUSTAINED,** and the petition for review in the nature of a complaint in mandamus filed by Rashad Cunningham is **DISMISSED.**

after they have been delivered pursuant to this rule as at any previous stage."