# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Earle Drack, :
               Appellant :
                :
          v. :
                :
Ms. Stacy Hamilton Open Records :
Officer Borough of Carlisle :
                :
          v. : No. 2128 C.D. 2014
                : SUBMITTED: April 10, 2015
YIS/Cowden Group :

**BEFORE:**    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                  **HONORABLE RENÉE COHN JUBELIRER,** Judge
                  **HONORABLE PATRICIA A. McCULLOUGH,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                    **FILED: January 13, 2016**

Earle Drack (Drack), proceeding *pro se*, appeals from the order of the Court of Common Pleas of Cumberland County, which granted the motion to dismiss Drack's complaint in mandamus filed by Stacy Hamilton and the Borough of Carlisle, and YIS/Cowden Group, Inc. After review, we affirm.

On April 6, 2013, Drack submitted a request under the Right-to-Know Law[1] (RTKL) to the Borough and specifically, Hamilton, the open records officer

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

containing numerous items and seeking various records related to the Borough's ENRADD EJU-91 speed timing device. The Borough responded by providing Drack with the documents/records he requested, with the exception of Item 4 of his request, in which he sought "[a] copy of the exact procedures actually used to calibrate the Borough's wireless ENRADD EJU-91 in the past 60 days." Drack filed a timely appeal to the Office of Open Records (OOR) from the denial with respect to Item 4. The Borough submitted the affidavit of Hamilton stating that it was not in possession of any responsive records. Supplemental Reproduced Record (S.R.R.) at 45a. The Borough also submitted the affidavit of Sergeant Stephen Latshaw, a Borough police officer, stating that YIS/Cowden, the third-party contractor who manufactures the speed timing device in question, performs the calibration of the devices and that Jim Cowden of the YIS/Cowden has asserted that the requested information was proprietary and not subject to disclosure. *Id*. at 46a.

On May 29, 2013, the OOR issued a final determination granting Drack's appeal. OOR relied upon Section 506(d) of the RTKL, 65 P.S. § 67.506(d), which provides that:

> [a] public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act.

OOR held that because the Borough contracted with YIS/Cowden for calibration services, any records regarding calibration in YIS/Cowden's possession were subject to disclosure. OOR also rejected the assertion that the requested documents contained confidential proprietary information and were exempt from

2

disclosure under Section 708(b)(11) of the RTKL, 65 P.S. § 67.708(b)(11). OOR ordered the Borough to produce the documents responsive to Item 4 within 30 days.

Subsequent to receipt of the OOR's final determination, the Borough contacted YIS/Cowden and requested production of documents responsive to Item 4. YIS/Cowden did not immediately comply.

When the Borough failed to produce the records which OOR had determined were disclosable, Drack filed a complaint in mandamus seeking to compel the Borough and Hamilton to comply with the final determination of the OOR and produce the requested record.[2] In addition, Drack's complaint sought the imposition of civil penalties against the Borough and/or Hamilton pursuant to Section 1305 of the RTKL, 65 PS. § 67.1305.[3] The Borough and Hamilton filed a responsive answer and additionally, filed a third-party joinder complaint against YIS/Cowden. In response to the Borough and Hamilton's request for production of documents served on YIS/Cowden, the company provided the affidavit of James E. Cowden, vice-president of YIS/Cowden, and training notes responsive to

---

[2] Drack filed his complaint pursuant to Section 1302 of the RTKL, 65 P.S. § 67.1302, which provides:

> Within 30 days of the mailing date of the final determination…a requester or local agency may file a petition for review or other document as required by rule of court with the court of common pleas for the county where the local agency is located. The decision of the court shall contain findings of fact and conclusions of law based upon the evidence as a whole. The decision shall clearly and concisely explain the rationale for the decision.

[3] Section 1305(a) provides that, "[a] court may impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith." 65 P.S. § 67.1305(a). Section 1305(b) provides further that, "[a]n agency or public official who does not promptly comply with a court order under this act is subject to a civil penalty of not more than $500 per day until the public records are provided." 65 P.S. § 67.1305(b).

Drack's RTKL request. Exhibits B and C to YIS/Cowden Group, Inc.'s Brief. The Cowden Affidavit stated that it possessed a single document entitled "ENRADD Test v1.0" responsive to Item 4. Exhibit B to YIS/Cowden's Brief. The Cowden Affidavit further provided that the calibration procedures used as to the ENRADD EJU-91 wireless device were set forth in Title 67 of the Pennsylvania Code, Section 105.56.[4] *Id*.

Thereafter, on March 15, 2014, the Borough filed a motion to dismiss Drack's complaint in mandamus, which was joined by YIS/Cowden, on the ground that as the records responsive to Drack's RTKL request had been produced, the complaint was moot. After oral argument and consideration of the parties' briefs, as well as the affidavits submitted by YIS/Cowden, the trial court granted the defendants' motion to dismiss Drack's complaint in mandamus and denied his request for the imposition of penalties against the defendants. The trial court rejected Drack's assertion that YIS/Cowden's identification of the relevant Pennsylvania Code section was non-responsive to his request. The trial court found this identification and the production of the "ENRADD Test v1.0" document sufficient and concluded that Drack was pursuing documents that did not exist and, accordingly, his complaint was moot. The trial court denied Drack's request for the imposition of penalties because the parties had acted in good faith. Drack has now appealed to this court.

Drack presents the following issues for our review: 1) whether the trial court misstated or omitted uncontested facts; 2) whether he has been provided

---

[4] James Cowden executed two affidavits, which are nearly identical, except for a typographical error. The first affidavit provided the wrong section of the Pennsylvania Code. The second affidavit provided the correct citation to the Pennsylvania Code.

the record to which he is entitled access or an affidavit of non-existence; 3) whether his complaint was rendered moot; 4) whether costs should have been awarded; 5) whether the Borough and YIS/Cowden acted in bad faith; 6) whether he is entitled to penalties under Section 1305(a) of the RTKL; and 7) whether penalties under Section 1305(b) of the RTKL are appropriate.

Mandamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other adequate and appropriate remedy. *Lawrence v. Dep't of Corr.*, 941 A.2d 70 (Pa. Cmwlth. 2007).

First, Drack asserts that the trial court's misstatements and omissions demonstrate that there was not sufficient evidence to support its findings. Drack argues that the trial court erred when it stated that the OOR contacted YIS/Cowden following issuance of the final determination and when it stated that the OOR joined YIS/Cowden as an additional defendant. We note that the Borough, not OOR, was the party responsible for contacting YIS/Cowden and for joining YIS/Cowden. However, neither misstatement is material.

Drake contends that the trial court failed to acknowledge the Borough's refusal to compel YIS/Cowden to provide the responsive records, the conflicting affidavits provided by YIS/Cowden, and YIS/Cowden's allegedly inconsistent characterization of the responsive records as proprietary, publicly available and non-existent. Following the final determination, the Borough made several efforts to obtain the documents from YIS/Cowden. Section 1302 of the RTKL, 65 P.S. § 67.1302, states that the local agency or the requester may file a petition for review. The RTKL does not require the local agency to file an action to obtain documents. It was well within the Borough's rights to allow Drack to

5

pursue further action. Drack also attacks the submission of a corrective affidavit by Cowden. Having reviewed both affidavits, it is clear that the second affidavit served to correct a typographical error citing the wrong section of the Pennsylvania Code. With regard to YIS/Cowden's allegedly inconsistent characterization of the requested documents, we see no error. YIS/Cowden initially stated that the requested documents were proprietary. This assertion was rejected by the OOR. YIS/Cowden then produced the "ENRADD Test v1.0" document and stated that the calibration procedures could be found in the Pennsylvania Code. YIS/Cowden's mistaken belief that a document was proprietary does not render its subsequent actions inconsistent. YIS/Cowden properly responded to OOR's ruling.

Drack maintains that the trial court failed to acknowledge that YIS/Cowden's identification of 67 Pa. Code § 105.56 was insufficiently specific. The RTKL requires the production of responsive and disclosable documents. Section 701 of the RTKL, 65 P.S. § 67.701. An agency is not required to identify exactly which part of a document is responsive. Drack's complaints regarding the insufficient specificity are without merit.

Finally, Drack asserts that the trial court erred in considering aspects of the Cowden Affidavit that were irrelevant and referenced other cases. The Cowden Affidavit was part of the record before the trial court, which was required to perform a *de novo* review. *Commonwealth v. Centre Twp.* 95 A.3d 354, 369 (Pa. Cmwlth. 2014). The trial court is permitted to rely upon all evidence that has not been subject to objection and was properly entered into the record.

Next, Drack argues that the Borough improperly refused to compel YIS/Cowden to produce the responsive documents while also acting in concert

6

with YIS/Cowden to interfere with his right to obtain the documents. The Borough tried to respond to Drack's request and to comply with OOR's final determination in good faith. The Borough submitted the Hamilton and Latshaw affidavits and engaged in correspondence with YIS/Cowden. The Borough relied upon YIS/Cowden's representations regarding the requested documents, which were never in the Borough's control. The record reflects that the Borough responded promptly to the RTKL request, participated fully before the OOR, made several efforts to obtain the documents from YIS/Cowden following the final determination, and immediately joined YIS/Cowden upon the filing of Drack's mandamus action. We conclude that the Borough complied with the requirements of Section 506(d) of the RTKL to the best of its ability and the record does not support Drack's allegations of improper behavior on the part of the Borough.[5]

Drack baldly asserts that his complaint has not been rendered moot because he has not received the requested record or an affidavit of non-existence. This court is unable to see how Drack's request has not been fulfilled. YIS/Cowden produced the relevant document in its possession and provided the relevant procedures through citation to the appropriate section of the Pennsylvania Code. Drack is not entitled to anything more. The trial court did not err in determining that the complaint in mandamus was moot.

---

[5] Drack relies upon an unpublished opinion of this court, *Staub v. City of Wilkes-Barre* (Pa. Cmwlth., No. 2140 C.D. 2012, filed Oct. 3, 2013). In *Staub*, this Court affirmed the imposition of costs pursuant to Section 1304(b) and (c) of the RTKL, 65 P.S. § 67.1304(b) and (c). In that case, the requester sought all tow-reports and receipts from city-directed tows that were executed by LAG Towing, Inc., a third-party contractor with the City. Early on in the RTKL proceedings, both LAG and the city were aware that the requested documents had been destroyed. Common pleas concluded that the failure of LAG and the city to share this knowledge in a timely manner warranted the imposition of costs. The case at hand is distinguishable as neither the Borough nor YIS/Cowden was found to engage in any form of deceptive behavior.

Drack's final arguments concern his assertion that the Borough and YIS/Cowden acted in bad faith and, therefore, the trial court should have awarded costs and imposed penalties under Section 1304 of the RTKL. Section 1304(a) of the RTKL, 65 P.S. § 67.1304(a), provides that the trial court may award reasonable attorney fees and costs of litigation if the court finds that the agency acted willfully or with wanton disregard to deprive the requester of access or acted in bad faith, or the exemptions, exclusions or defenses asserted by the agency were not based on a reasonable interpretation of law. Imposition of penalties under Section 1305 also requires a finding of bad faith. As discussed above, the trial court found that the Borough and YIS/Cowden acted in good faith, and this finding is fully supported. Accordingly, a basis for the imposition of costs and penalties does not exist.

For all of the forgoing reasons, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Earle Drack, :
          Appellant :
           :
          v. :
           :
Ms. Stacy Hamilton Open Records :
Officer Borough of Carlisle :
           :
          v. : No. 2128 C.D. 2014
           :
YIS/Cowden Group :

# **O R D E R**

AND NOW, this 13th day of January, 2016, the order of the Court of Common Pleas of Cumberland County is hereby AFFIRMED.

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Judge