J-S03009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAPHEAL JAMES THOMPSON | |
| Appellant | No. 258 WDA 2016 |

Appeal from the PCRA Order January 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000205-2014

BEFORE:  OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 13, 2017**

Appellant, Rapheal James Thompson, appeals from the order entered on January 19, 2016, dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  We vacate and remand for an evidentiary hearing.

The factual background and procedural history of this case are as follows.  On April 29, 2013, Appellant fled on foot upon noticing that police were surveilling a vehicle he just entered.  While fleeing, Appellant discarded between 50 and 100 stamp bags of heroin.  When police caught Appellant, he resisted arrest.

On January 24, 2014, the Commonwealth charged Appellant via criminal information with possession with intent to deliver a controlled

---

* Retired Senior Judge assigned to the Superior Court

substance,[1] possession of a controlled substance,[2] evidence tampering,[3] and resisting arrest.[4] On May 12, 2014, pursuant to a plea agreement, Appellant pled guilty to possession with intent to deliver a controlled substance and resisting arrest. Consistent with the negotiated plea agreement, he was immediately sentenced to an aggregate term of two to four years' imprisonment followed by four years' probation. That sentence was ordered to run concurrently with backtime that Appellant received for violating his parole at case number CP-02-CR-0015001-2010. Appellant did not file a direct appeal.

On April 16, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended PCRA petition. On November 17, 2015, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907(A). On January 19, 2016, the PCRA court dismissed the petition. This timely appeal followed.[5]

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 18 Pa.C.S.A. § 4910(1).

[4] 18 Pa.C.S.A. § 5104.

[5] On March 10, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(a). On March 23, 2016, Appellant filed his concise statement. On August 15, 2016, the PCRA court issued its Rule 1925(a) opinion. Appellant's lone appellate issue was included in his concise statement.

Appellant presents one issue for our review:

Did the [PCRA] court err as a matter of law in refusing to grant relief on the [a]mended PCRA petition . . . as all record indicators acknowledge that the sentence on this conviction was specifically ordered to be served concurrently with [Appellant's] 2010 sentence, which was a condition of the negotiated plea?

Appellant's Brief at 9.

"Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations [that are] supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015) (internal citations omitted).

In his lone issue, Appellant argues that trial counsel was ineffective. "[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Simpson**, 112 A.3d 1194, 1197 (Pa. 2015) (internal quotation marks and citation omitted). "[T]rial counsel is presumed to be effective." **Commonwealth v. Patterson**, 143 A.3d 394, 398 (Pa. Super. 2016) (citation omitted). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead

and prove (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." **Commonwealth v. Mason**, 130 A.3d 601, 618 (Pa. 2015) (citation omitted).

Here, Appellant's claim is that counsel provided ineffective assistance and unlawfully induced an unknowing guilty plea by failing to accurately explain certain consequences of Appellant's sentencing agreement with the Commonwealth. In the plea context, this Court has explained that:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A [petitioner] is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the [petitioner] to enter an involuntary plea of guilty . . . . The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [T]o succeed in showing prejudice, the [petitioner] must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.

**Patterson**, 143 A.3d at 397-398 (internal quotation marks, paragraph breaks, and citations omitted).

The outcome of this case is controlled by **Commonwealth v. Kelley**, 136 A.3d 1007 (Pa. Super. 2016). In **Kelley**, like in the case at bar, the Commonwealth and the defendant entered into a plea agreement whereby the defendant's term of imprisonment would run concurrently with parole

backtime in a separate case.[6] As this Court noted in **Kelley**, "where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence." **Id.** at 1013, *citing* 61 Pa.C.S.A. § 6138(a)(5)(i). As in the case at bar, the Department of Corrections in **Kelley** refused to run the sentences concurrently because doing so would violate the statute. **Cf. Lawrence v. Pennsylvania Dept. of Corrections**, 941 A.2d 70 (Pa. Cmwlth. 2007) (DOC cannot run sentences concurrently when doing so violates section 6138(a)(5)(i)).

In **Kelley**, this Court stated:

Nothing in the record indicates counsel advised [petitioner] of the statutory sequence for serving his old and new sentences. Moreover, neither the Commonwealth nor the court advised [petitioner] that his negotiated sentence could not be honored as stated or imposed. [Petitioner] entered his plea on the advice of plea counsel whose knowledge of the Parole Act was deficient and fell below the range of competence demanded of attorneys in criminal cases.

**Kelley**, 136 A.3d at 1014.

Contrary to the Commonwealth's assertions, the same situation is present in this case. Although the trial court informed Appellant that he may receive a separate sentence for violating the terms of his parole, neither

---

[6] The PCRA court states that this was not part of the plea agreement that it approved. PCRA Court Opinion, 8/15/16, at 4. The certified record, however, belies that assertion. **See** Sentencing Order, 5/12/14, at 2 (stating that the term of imprisonment in this case would run concurrently with the term of imprisonment at CP-02-CR-0015001-2010); **cf. Commonwealth v. Brooker**, 103 A.3d 325, 329 n.4 (Pa. Super. 2014) (citation omitted).

Appellant's plea counsel, the trial court, nor the Commonwealth advised Appellant that he was **required** to serve his backtime prior to serving his sentence in this case.

As in **Kelley**, we conclude that Appellant proved that counsel's advice was not within the range of competence demanded of attorneys in criminal cases because counsel negotiated a plea agreement which included a sentence that violated the Parole Act. As the PCRA court dismissed the instant petition without an evidentiary hearing, however, we are unable to determine whether it is "reasonably probable that, but for counsel's errors, [Appellant] would not have pleaded guilty and would have gone to trial." **Patterson**, 143 A.3d at 398 (citation omitted). Accordingly, we vacate the order dismissing Appellant's PCRA petition and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017