# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Tolbert, : 
                    Petitioner : 
 : No. 21 M.D. 2024
          v. : 
 : Submitted: April 8, 2025
Pennsylvania Department of : 
Corrections and SCI-Somerset : 
Security Department, : 
            Respondents : 


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE LORI A. DUMAS, Judge


***OPINION NOT REPORTED***

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                            **FILED: May 16, 2025**


Currently before us are Respondents Pennsylvania Department of Corrections' (Department) and SCI-Somerset Security Department's (collectively Respondents) preliminary objections to Petitioner Keith Tolbert's (Petitioner) Petition for Writ of Mandamus (Mandamus Petition). Petitioner, who is currently incarcerated at SCI-Somerset, seeks an order directing Respondents to preserve certain closed-circuit television (CCTV) recordings from that facility. We sustain Respondents' demurrer to the Mandamus Petition and dismiss the Mandamus Petition with prejudice.

## I. BACKGROUND[1]

Petitioner is currently being held in SCI-Somerset's restricted housing unit (RHU) and, by his telling, has been harassed and mistreated by prison staff since being transferred there, in retaliation for filing a number of inmate grievances and civil actions against Department employees and officials. Specifically, Petitioner asserts that he has been forced to stay in an RHU cell that has "feces and urine on the ceiling and floor, [a] damaged window and cell weatherproofing [that have caused him to suffer] severe hypothermia and shortness of breath . . . , inadequate plumbing, and poor heating and ventilation." Mandamus Pet., ¶4. In addition, Petitioner has been sexually harassed by "C/O James" and deprived of food by "Sgt. Marks" during his time in the RHU. *Id.*, ¶5. Petitioner has reported at least some of these problems and transgressions to SCI-Somerset staff, who have "ignored" Petitioner's complaints "and/or met them with ill[]will and indifference." *Id.*, ¶4.

This state of affairs has prompted Petitioner to seek mandamus relief against Respondents. Petitioner asserts that such relief is necessary "to prevent spoliation[ of evidence,]" because the RHU's restrictions have deprived him of "means to access grievance forms, request slips, and other legal research materials and assistance to exhaust administrative remedies before . . . electronically stored information may be destroyed or written over." *Id.*, ¶¶1, 12. Accordingly, Petitioner requests that we direct Respondents to preserve CCTV recordings from SCI-Somerset covering 17 discrete time windows between January 3, 2024, and January 20, 2024, in order to ensure that he can use that footage to support future litigation. *Id.*, ¶¶1-2, 6-7, 10, Ex. A.

---

[1] We draw the substance of this section from the averments Petitioner makes in his Mandamus Petition. *See* Mandamus Pet., 1/22/2024.

Respondents subsequently filed preliminary objections, through which they demur to the Mandamus Petition and seek its dismissal.[2] Petitioner has responded to the preliminary objections and opposes the dismissal of his action. Accordingly, the preliminary objections are ready for adjudication.

## II. DISCUSSION[3]

Respondents demur to the Mandamus Petition on two bases, which we summarize as follows. First, Petitioner has failed to state a viable mandamus claim, because his right to relief is not clear and there are other adequate methods by which he may secure his requested relief. Resp'ts Br. at 8-10. Second, Petitioner

---

[2] Respondents also argued in their preliminary objections that the Mandamus Petition should be dismissed on the basis of improper service. Resp'ts' Prelim. Objs. at 7-8. We sustained that preliminary objection on June 5, 2024, after which Petitioner properly served the Mandamus Petition upon Respondents, which allowed this matter to proceed forward.

[3] In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (cleaned up). "In addition, courts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also documents or exhibits attached to it." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007).

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Torres*, 997 A.2d at 1245.

3

improperly predicates his mandamus claim upon Department policy, despite the fact that such policy does not create enforceable rights. *Id.* at 10-11.

As we have explained in the past, "[m]andamus is an extraordinary remedy that is designed to compel the performance of a ministerial or mandatory duty on the part of a governmental body[.]" *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 776 (Pa. Cmwlth. 1997). Such relief may be proper where the relevant body has refused to perform a ministerial duty or has declined to exercise its discretionary authority. *Pa. Dental Ass'n v. Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986). Furthermore, "mandamus may lie where the agency's action is based upon a mistaken view of the law that it has discretion to act when it actually does not." *Weaver*, 688 A.2d at 776. However, mandamus cannot be "used to direct the exercise of judgment or discretion in a particular way, nor to direct the retraction or reversal of an action already taken." *Pa. Dental Ass'n*, 516 A.2d at 652. In order to obtain a judgment in mandamus, a petitioner must satisfy three requirements. First, they must prove that they have a clear legal right to the relief they seek. *Weaver*, 688 A.2d at 776. Second, they must establish that the governmental body has a corresponding duty to grant such relief. *Id.* Finally, they must show that there is no adequate and appropriate legal remedy other than through mandamus. *Id.*

We need only address the first portion of Respondents' first argument in order to resolve this matter. "In general, . . . the Department['s] . . . regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates." *Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). Here, Petitioner's mandamus claim is predicated entirely upon

4

Department Policy DC-ADM 001,[4] which sets forth procedures for handling inmate allegations of staff abuse.  Mandamus Pet., ¶¶10-11, Ex. B.  Specifically, he claims that Section B.7. of DC-ADM 001 imposes a mandatory duty upon the Department to preserve the aforementioned recordings.[5]  *Id.*  However, this ignores the fact that DC-ADM 001 contains a disclaimer that makes expressly clear that this policy does not create any enforceable rights.  *See* DC-ADM 001 § VI.[6]  This language is sufficient to defeat any notion that a valid cause of action may spring forth from DC-ADM 001.  *See Weaver v. Pa. Dep't of Corr.*, 829 A.2d 750, 753 (Pa. Cmwlth. 2003) (a "disclaimer [of this nature] is sufficient to dispel any reasonable expectation that an enforceable right is created by the [Department] policy [in question]").  Petitioner thus does not have a clear right to relief and, therefore, cannot state a viable mandamus claim.

---

[4] DEP'T OF CORR., DC-ADM 001 (2022), https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/001%20Inmate%20Abuse.pdf (last visited May 15, 2025).

[5] This provision reads as follows:

> When the facility Security Office finds during the review of a planned or unplanned use of force incident, that an egregious inmate abuse incident may have occurred, the facility Security Office shall immediately notify the Facility Manager/designee.  The Facility Manager/designee will immediately review the planned or unplanned use of force incident, then make an immediate notification to their respective [Regional Deputy Secretary (RDS)] and the [Bureau of Investigations and Intelligence (BII)] Director or Chief of Investigations.  The facility Security Office shall immediately upload the Extraordinary Occurrence Report and video footage to the X or V Drive for review by the RDS and BII staff.  BII will determine whether the facility Security Office staff or a BII Agent will conduct the investigation into the inmate abuse incident.

DC-ADM 001 § B.7.

[6] Per this section, "[DC-ADM 001] does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual.  This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department[.]"  DC-ADM 001 § VI.

## III. CONCLUSION

In accordance with the foregoing analysis, we sustain Respondents' demurrer and dismiss Petitioner's Mandamus Petition with prejudice.[7]

**LORI A. DUMAS, Judge**

---

[7] Due to our resolution of this matter, we need not address the remainder of Respondents' arguments.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Tolbert,       :
     Petitioner  :
         : No. 21 M.D. 2024
    v.       :
         :
Pennsylvania Department of  :
Corrections and SCI-Somerset  :
Security Department,    :
     Respondents :

## **O R D E R**

AND NOW, this 16th day of May, 2025, it is hereby ORDERED:

1. Respondents Pennsylvania Department of Corrections and SCI-Somerset Security Department's preliminary objections in the nature of demurrer to Petitioner Keith Tolbert's Petition for Writ of Mandamus (Mandamus Petition) are SUSTAINED;

2. The Mandamus Petition is DISMISSED WITH PREJUDICE.

            **LORI A. DUMAS, Judge**