IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bollinger Solar LLC, : 
                      Appellant : 
                               :
         v.                   : No. 971 C.D. 2024
                               : Argued: April 8, 2025
Salem Township Board : 
of Supervisors : 


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE STACY WALLACE, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                            FILED: July 2, 2025


Bollinger Solar LLC (Developer) appeals from the June 28, 2024 order of the Court of Common Pleas of Wayne County (trial court) sustaining the Salem Township (Township) Board of Supervisors' (Board) Preliminary Objection in the nature of a demurrer[1] to Developer's Complaint in Mandamus (Complaint) and dismissing Developer's Complaint. Upon careful review, we affirm.

## I.     Background

On October 17, 2023, Developer, seeking approval of the installation of three arrays of ground-mounted solar panels on a property in the Township, submitted a Final Land Development Plan (Plan) to the Board. *See* Supplemental Reproduced

---

[1] "A demurrer is a preliminary objection to the legal sufficiency of a pleading that raises questions of law." *Ladd v. Real Est. Comm'n*, 230 A.3d 1096, 1103 (Pa. 2020).

Record (S.R.R.) at 1b-8b. In the Plan, Developer placed "NA," which is a commonly accepted abbreviation for "not applicable," next to the following items on the Township's Land Development Checklist:

(19) An erosion and sedimentation plan prepared in cooperation with the Wayne County Conservation District, where required.

(20) A stormwater management plan prepared in cooperation with the district[,] where required.

(21) Planning module for land development, along with all information required in order to approve revisions or supplement to the Official Plan. . . .

(22) Highway Occupancy Permit or Township Driveway Permit[.]

*Id.* at 4b-5b. Developer also placed "NA" next to similar requirements on the Township's Checklist for Final Plans. *Id.* at 6b-7b. Developer's Plan did not explain why Developer concluded these items did not apply to its Plan. *Id.* at 1b-8b.

The Wayne County Department of Planning (Department) reviewed the Plan and provided comments to the Board by letter dated November 7, 2023. Reproduced Record (R.R.) at 7a-9a. The Department's letter identified several potential deficiencies in the Plan and provided the sections of the Salem Township Code[2] (Code) which require the missing information. *Id.*

The Board held a public meeting on November 14, 2023, and voted unanimously to deny the Plan. R.R. at 5a. On November 15, 2023, the Board mailed Developer a written denial, which provided:

The plan that you submitted to Salem Township for review . . . was denied in whole at the Township Supervisors['] Meeting . . . . The submission as originally received did not provide any [s]torm water calculations, and or any supplemental documentation as requested by

---

2   Salem Twp., Pa., Code of Ordinances (1993), *as amended*.

2

the checklist in which you noted not applicable. The Wayne County Planning fees were late to the County and review was received noting many deficiencies. Due to the lack of many items needed, the wrong setbacks for the project as well as no highway occupancy [permit,] the submittal was denied unanimously. [The] Township Supervisors and Solicitor[,] through the County [c]omments[,] provided a comprehensive item list showing all [Code] number notations, 1st Article II, Section 99-12 of Chapter 99 submission as a Major Subdivision-Final approval as it was presented and applied for. Section 99-16(B)(19) requires preparation of Erosion and Sedimentation Control Plan refer to County comment letter details. Section 99-16(B)(20) requires a Stormwater [M]anagement [P]lan. Plans were not signed by the professional responsible for the work. Section 99-29(F) requires dead end streets longer than 200 feet to have a turnaround. (Also see Section 99-29 and Section 99-30(B)[.)] Notes for existing access for private right-of-way. Section 99-29(P)(1) no driveway[,] local road[,] or drainage shall be constructed or altered within the State right-of-way or connected without first obtaining a permit from the Pennsylvania Department of Transportation. Documentation of use of private right-of-way for use should be documented see Sections 99-18(B)(7) and 99-18(B)(13). Setbacks of rights-of-way in accordance with Section 99-23(B)(6) and illustrated from the edge of right-of-way by Sections 99-16(B)(12) and 99-18(B)(9). Setback minimums are referenced as 15', however Section 99-30(D)(3) indicates the alternate setback minimums applicable to all commercial, industrial and nonresidential land developments. The lack of response, or request for additional time was never received. The Wayne County Planning Department review is enclosed[;] it provides and identifies the [Code] numbers and a copy is attached. In addition to the information given in this letter, The Board . . . unanimously voted to deny the application.

If you have any other questions, please contact the Township office . . . .

*Id.*

On April 12, 2024, Developer filed the Complaint in the trial court,[3] alleging the Board's written denial did not satisfy the requirements of Section 508 of the Pennsylvania Municipalities Planning Code (MPC),[4] 53 P.S. § 10508. Specifically, Developer alleged "[t]he Township's [November 15, 2023] denial letter fails to specify the alleged defects [in the Plan], the requirements that were not met [by the Plan], and the relevant ordinance provisions relied upon." R.R. at 16a. Due to these alleged deficiencies, Developer asserts it has a right to a deemed approval of the Plan under Section 508(3) of the MPC. *Id.* at 20a. Developer attached a copy of the Board's November 15, 2023 denial letter, including the Department's November 7, 2023 review letter, which the Board attached and incorporated into its denial letter, as exhibits to its Complaint. *See id.* at 47a-51a.

The Board filed Preliminary Objections to Developer's Complaint, requesting the trial court dismiss the Complaint. *Id.* at 78a-81a. Relevantly, the Board alleged Developer's "Complaint is legally insufficient insofar [as Developer] neither has a clear right to the relief requested nor lacks an adequate remedy at law, as required to succeed in an action in mandamus." *Id.* at 80a. By order dated June 28, 2024, the trial court sustained the Board's Preliminary Objection in the nature of a demurrer and dismissed Developer's Complaint. *Id.* at 120a. Developer appealed the trial court's order to this Court.

---

[3]  On December 15, 2023, Developer appealed the Board's decision to the trial court. Developer's appeal which is currently before this Court, however, only concerns Developer's Complaint in Mandamus. *See Borough of Monroeville v. Foltz*, 290 A.2d 269, 272 (Pa. Cmwlth. 1972) (A "statutory appeal challenges the content of the decision rendered while the mandamus action brought under the statute assault[s] the inaction of the Board.").

[4]  Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

4

## II. Issues

On appeal, Developer raised four issues, which can be distilled into one: whether the trial court erred in determining Developer did not plead facts sufficient to establish a right to relief regarding whether the Board's November 15, 2023 denial letter satisfied the requirements of Section 508 of the MPC.

## III. Analysis

Our standard of review of a trial court's order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. *RT Partners, LP v. Allegheny Cnty. Off. of Prop. Assessment*, 307 A.3d 801, 805 n.6 (Pa. Cmwlth. 2023) (citation omitted). "In other words, we do not defer to the [trial court's] conclusions of law, and we reassess the record with a fresh pair of eyes." *Allegheny Cnty. Dep't of Health v. Wilkerson*, 329 A.3d 111, 117 (Pa. Cmwlth. 2024).

In considering a demurrer, "we must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." *Ladd v. Real Estate Comm'n*, 230 A.3d 1096, 1103 (Pa. 2020) (citations omitted). "In addition, courts reviewing preliminary objections may not only consider the facts pled in the complaint, but also documents or exhibits attached to it." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007) (citing *Philmar Mid-Atl., Inc. v. York St. Assocs. II*, 566 A.2d 1253, 1254 (Pa. Super. 1989) ("[I]n the context of a demurrer . . . it is not necessary to accept as true averments in the complaint which are in conflict with exhibits attached to the complaint.")). "A demurrer must be sustained where it is clear and free from doubt the law will not permit recovery under the alleged facts; any doubt must be resolved

by a refusal to sustain the demurrer." *Lawrence*, 941 A.2d at 71-72 (citation omitted).

Section 508(2) of the MPC provides that when a municipality denies an application for approval of a development plan, "the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon." 53 P.S. § 10508(2). Further, Section 508(3) of the MPC provides that if a municipality fails to provide a written decision that complies with Section 508(2), the application "shall be deemed . . . approv[ed]." 53 P.S. § 10508(3).

Here, we do not accept the factual allegations in Developer's Complaint because those factual allegations are in direct conflict with the Board's November 15, 2023 denial letter, which Developer attached to the Complaint. *See Lawrence*, 941 A.2d at 71-72. In reviewing the Board's November 15, 2023 denial letter, including the attached and incorporated November 7, 2023 Department review letter, we conclude the Board's letter specified defects in Developer's plan and provided the requirements that were not met, with citations to the Code. Consequently, it is clear that the Board's denial letter satisfies the requirements of Section 508(2) of the MPC and Developer is not entitled to a deemed approval under Section 508(3) of the MPC.

## IV. Conclusion

For the reasons set forth above, we affirm the trial court's order.

_____
STACY WALLACE, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bollinger Solar LLC,         :
           Appellant    :
                          :
            v.                : No. 971 C.D. 2024
                          :
Salem Township Board   :
of Supervisors             :

# **O R D E R**

**AND NOW**, this 2nd day of July 2025, the June 28, 2024 order of the Court of Common Pleas of Wayne County sustaining the Salem Township Board of Supervisors' preliminary objection in the nature of a demurrer to Bollinger Solar LLC's Complaint in Mandamus (Complaint) and dismissing the Complaint is hereby **AFFIRMED**.

                              _____
                              STACY WALLACE, Judge