J-S69040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWARD HAMMOND | : | |
| | : | |
| Appellant | : | No. 890 WDA 2017 |

Appeal from the PCRA Order April 24, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003107-2014

BEFORE:   BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 12, 2017**

Appellant Edward Hammond appeals from the order of the Court of Common Pleas of Allegheny County denying his petition pursuant to the Post Conviction Relief Act ("PCRA")[1] without a hearing. Counsel has filed a petition to withdraw and a no-merit letter.  We grant counsel's petition to withdraw and affirm the PCRA court's order.

On February 28, 2012, in a previous criminal case (docket CP-02-0007923-2009), Appellant was sentenced to 3½ to 7 years' imprisonment for charges of Receiving Stolen Property (RSP) and Recklessly Endangering Another Person (REAP).  The sentencing order at this docket indicates that

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*   Former Justice specially assigned to the Superior Court.

Appellant was given 812 days credit for time served. Appellant was paroled at an unspecified date.

On November 7, 2013, Appellant, while on parole, was placed under arrest and subsequently charged in the instant case (at docket CP-02-CR-0003107-2014) for two violations of the Uniform Firearms Act.[2] After a stipulated bench trial was held on July 31, 2014, the trial court convicted Appellant of both charges. Sentencing was deferred for the preparation of a presentence report. On October 23, 2014, the trial court sentenced Appellant to an aggregate term of three to seven years' imprisonment. The sentencing order states that Appellant's sentence "shall commence on 10/23/14." Order, 10/23/17. On March 2, 2016, this Court affirmed the judgment of sentence. On September 28, 2016, the Supreme Court denied Appellant's petition for allowance of appeal.

As previously noted, Appellant committed the instant offenses while he was on parole for charges at CC No. 7923-2009. Thus, the instant charges served as the basis for the revocation of Appellant's parole on the prior docket. Appellant was returned to custody on the matter on that docket (7923-2009) when he was sentenced in this case on October 23, 2014. Appellant was reparoled on December 9, 2016.

---

[2] 18 Pa.C.S.A. §§ 6106 (firearms not to be carried without a license) (F3), 6105 (persons not to possess firearms) (M1).

During the pendency of this case on direct appeal, Appellant filed a *pro se* document on March 2, 2016, claiming he was denied proper credit for time served. The lower court characterized the filing as a PCRA petition and appointed Atty. Jill Sinatra to assist Appellant. On February 24, 2017, Atty. Sinatra filed an amended PCRA petition of Appellant's behalf. On March 28, 2017, the PCRA court filed notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 25, 2017, the PCRA court dismissed the petition.

On May 23, 2017, Appellant filed a *pro se* notice of appeal along with a request for counsel. On May 25, 2017, Atty. Sinatra filed a motion to withdraw her appearance. The PCRA court granted Atty. Sinatra's motion, appointed Joseph P. Rewis, Esq., and directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 6, 2017, Atty. Rewis filed a Statement of Intent to file an **Anders**/**McClendon** Brief in Lieu of a 1925(b) statement.

Before we proceed to review the merits of Appellant's PCRA petition, we must evaluate counsel's petition to withdraw his representation:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988)] and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

- 3 -

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007)).

We note that defense counsel has filed his petition to withdraw on the basis of frivolity pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 161, 978 A.2d 349, 351 (2009). Although **Anders** briefs are filed by counsel who wish to withdraw on direct review, we will accept counsel's **Anders** brief in lieu of a **Turner-Finley** letter, as an **Anders** brief provides greater protection to criminal defendants. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004).

After reviewing the record and counsel's petition to withdraw, we find that PCRA appellate counsel has complied with the technical requirements of **Turner** and **Finley**, **supra**. In his appellate brief, PCRA appellate counsel detailed the nature and extent of his review, listed the issue that Appellant raised in his petition, and explained why he believed the claim was frivolous. Counsel indicated that after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's

behalf. Moreover, counsel attached his letter to Appellant specifically indicating that he believed that the appeal was wholly frivolous for the reasons set forth in his brief and notifying him of his right to raise additional points for consideration by proceeding *pro se* or with the assistance of privately retained counsel. **See Commonwealth v. Muzzy**, 141 A.3d 509, 511 (Pa.Super. 2016) (citing **Commonwealth v. Friend**, 896 A.2d 607 (Pa.Super. 2006)). We may proceed to review Appellant's PCRA petition.

As an initial matter, we review whether Appellant's petition was timely filed. "The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." **Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa.Super. 2017). As a general rule, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). Moreover, "[a] PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights." **Commonwealth v. Leslie**, 757 A.2d 984, 985 (Pa. Super. 2000).

In this case, Appellant filed his initial *pro se* PCRA petition on March 2, 2016, during the pendency of his direct appeal. This *pro se* filing was prematurely filed as Appellant had not exhausted his direct appeal rights.

- 5 -

However, the PCRA court did not proceed on the merits of the petition, but appointed counsel to assist Appellant in the filing of an amended petition. Thereafter, the Supreme Court denied Appellant's petition for allowance of appeal on September 28, 2016. Appellant's judgment of sentence became final on December 27, 2016, after the expiration of the ninety-day period in which he was allowed to seek review in the U.S. Supreme Court. *See* U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Appellant's amended petition, filed with the assistance of counsel on February 24, 2017, was timely filed within one year of the date his judgment of sentence became final.

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Allen***, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted). Section 9542 of the PCRA provides the following:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of

remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

Pa.C.S.A. § 9542. As a result, our courts further clarified that if the PCRA offers a remedy for an appellant's claim, it is the sole avenue of relief and the PCRA time limitations apply. *Commonwealth v. Wyatt*, 115 A.3d 876, 879 (Pa.Super. 2015).

The sole issue that Appellant raised in his PCRA petition was his claim that he was denied appropriate credit for time served. This Court has discussed several different mechanisms that a defendant can employ to raise a claim regarding credit for time served:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

*Commonwealth v. Wyatt*, 115 A.3d 876, 879 (Pa.Super. 2015) (quoting

*Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa.Super. 2014) (quoting

*Commonwealth v. Perry*, 563 A.2d 511 (Pa.Super. 1989))).

In this case, Appellant argues that he is entitled to credit for time served from the date of his arrest for the instant charges on November 7, 2013 to his sentencing on October 23, 2014 (350 days). In addition, Appellant argues that, as the trial court's sentencing order indicated that the sentence in this case "shall commence on 10/23/14," Department of Corrections (DOC) documentation incorrectly states that Appellant's sentence in this case did not start until December 10, 2016. Sentencing order, 10/23/14, at 1.

To the extent that Appellant is claiming that the trial court imposed an illegal sentence in failing to grant him credit for time served, this claim is cognizable under the PCRA. **See Wyatt**, **supra**. Nevertheless, this argument is meritless. As the instant charges served as violations of Appellant's parole, he was required to serve the entire remainder of his back time on his original sentence before he could commence his new sentence in this case.

Section 6138 of the Parole Act states in pertinent part:

**§ 6138. Violation of terms of parole**

\* \* \*

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(5)(i). This Court has clarified that "where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence. Imposition of a new state sentence concurrent with parolee's backtime on the original state sentence is an illegal sentence under this statute." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013–14 (Pa.Super. 2016) (citation omitted).

In this case, on February 28, 2012, Appellant was originally sentenced at docket number 7923 of 2009 to 3½ to 7 years' imprisonment and was given 812 days credit. As a result, the effective start date of this sentence was December 9, 2009. As a result, Appellant was first eligible for parole on June 9, 2013 and his maximum sentence would have been served on December 9, 2016. Although the date of his actual parole is not of record, we presume Appellant was on parole when he was arrested on November 7, 2013 for the instant charges listed at docket number 3107 of 2014.

Although Appellant was incarcerated from his November 7, 2013 arrest until sentencing on October 23, 2014, he was not entitled to commence his sentence in this case until he satisfied his backtime left on his original state sentence. DOC documents in the certified record indicate that Appellant was reparoled at docket 7923 of 2009 on December 9, 2016. Therefore, Appellant's sentence in this case did not commence until December 10, 2016, after he had served the balance of the original term of incarceration. ***See*** 61 Pa.C.S.A. § 6138(a)(5); ***Kelley***, ***supra***.

Moreover, Appellant suggests that this Court should compel the DOC to calculate his time served as to effectively run his sentence in this case concurrently to his original state sentence. Specifically, Appellant points to the sentencing order in this case which indicates that the sentence "shall commence on 10/23/14," which was the date Appellant's sentence was imposed. Order, 10/23/14, at 1. As noted above, the proper vehicle for Appellant to challenge an erroneous computation of sentence by the Bureau of Corrections would have been to file an original action in the Commonwealth Court. *Kelley*, *supra*.

However, we note that "mandamus is unavailable to compel performance of an illegal sentencing order. *Commonwealth v. Kelley*, 136 A.3d 1007, 1014 (Pa.Super. 2016) (quoting *Lawrence v. Pennsylvania Dept. of Corrections*, 941 A.2d 70 (Pa. Cmwlth. 2007) (upholding DOC's refusal to run a parolee's new sentence concurrently with his original state sentence as doing so violates section 6138(a)(5) of the Parole Act)).

For the foregoing reasons, we affirm the PCRA court's order denying Appellant's petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 10 -

Date:  <u>12/12/2017</u>