J-S45030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JERRY FULLER | : | |
| Appellant | : | No. 2319 EDA 2018 |

Appeal from the PCRA Order Entered July 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015370-2012

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 30, 2019**

Jerry Fuller (Appellant) appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On May 17, 2013, Appellant entered into a negotiated guilty plea for possessing a firearm as a prohibited person and receipt of stolen property.[1] Pursuant to the plea agreement, the trial court sentenced Appellant to 2½ to 5 years of imprisonment in a state correctional facility for the possession charge, and three years' probation for the receiving stolen property charge. The two sentences were ordered to run consecutively. Appellant's judgment of sentence reflected an effective date of May 17, 2013.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105, 3925(a).

At sentencing, Appellant acknowledged his status as a state parolee and verbalized to the trial court that he understood he "would have to see the Parole Board[,]" to determine the consequences of his parole violation. N.T., 5/17/13, at 10. Appellant did not file post-sentence motions and did not file a direct appeal.

In January 2017, Appellant went before the Parole Board, where he learned that the effective date of his conviction was not May 17, 2013, as reflected in the sentencing order. Instead, the Parole Board informed Appellant that his new conviction was to run consecutively to his prior conviction pursuant to 61 Pa.C.S.A. § 6138(a)(5)(i), which provides: "If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases: (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution."[2]

On February 3, 2017, Appellant filed a *pro se* PCRA petition alleging ineffective assistance of counsel, an unlawfully induced guilty plea, and imposition of a sentence greater than the lawful maximum. On March 10,

---

[2] To be clear, where a state parolee gets a new sentence, he must serve his backtime first before commencement of the new state sentence. **See** 61 Pa.C.S.A. § 6138(a)(5)(i). Imposition of a new state sentence concurrent with parolee's backtime on the original sentence is an illegal sentence under this statute. **Lawrence v. Pennsylvania Dept. of Corrections**, 941 A.2d 70, 73 (Pa. Commw. Ct. 2007) (holding that sentencing court's imposition of a new concurrent sentence while appellant was serving backtime on the original sentence violates the Parole Act and is illegal).

2017, Appellant filed a *pro se* Amended PCRA petition, in which he sought to have his plea implemented as agreed, *i.e.*, running his new conviction concurrently to his backtime.

The PCRA court appointed counsel for Appellant on May 12, 2017. On June 30, 2017, Appellant filed a petition to proceed *pro se*. The trial court held a **Grazier**[3] hearing on October 20, 2017, after which it found Appellant competent to waive counsel and proceed *pro se*. The PCRA court also ordered Appellant to file a supplemental petition by November 20, 2017; Appellant timely complied. The Commonwealth filed a response to Appellant's supplemental petition on April 23, 2018. The PCRA court held a hearing on Appellant's petition, and on July 19, 2018, entered an order denying relief. This timely appeal followed. Both Appellant and the PCRA complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

Appellant raises the following issues on appeal:

[1.] Did the Post-Conviction Court commit an error of law when it disregarded the expressed intent of the sentencing order to determine what [A]ppellant understood his sentence to be and instead deferred to the absence of the word "Concurrent" in the written guilty plea colloquy?

[2.] Did the Post-Conviction Court commit an error of law in finding [A]ppellant was not denied the benefit of his plea bargain and his plea was knowingly and intelligently entered, whereas, all parties and the sentencing Court was aware [A]ppellant's parole sentence could not legally run concurrent to a new sentence, yet, [A]ppellant was allowed to agree to a concurrent sentence in exchange for a plea of guilty?

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3.] Did the Post-Conviction Court error in dismissing [A]ppellant's petition without making an independent finding of facts and adopting the Commonwealth's assessment of the Pennsylvania Superior Court's decision in, **Commonwealth v. [K]elley**, 136 A.3d 1007 (Pa. Super. 2016), without conducting its own independent review of the law involving the [A]ppellant's claim?

[4.] Did the Post-Conviction Court error in determining [A]ppellant's plea Counsel was not ineffective when advising [A]ppellant that he would be able to serve a concurrent sentence in exchange for his guilty plea without informing him the parole laws prohibited such a sentence?

Appellant's Brief at 4 (suggested answers omitted).

Preliminarily, in reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. **See Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. **Id.** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **See Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

"Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of

the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[4] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."

_____

[4] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Section 3 of Act 2018 provides that the amendment to subsection (b)(2) "shall apply only to claims arising one year before the effective date . . . or thereafter." *Id.* As Appellant's petition was filed on February 3, 2017, the change does not impact Appellant or our analysis.

*Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Here, the trial court entered Appellant's judgment of sentence on May 17, 2013. Appellant did not file a direct appeal. Therefore, Appellant's judgment of sentence became final 30 days from May 17, 2013, or June 17, 2013. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year of his judgment of sentence becoming final – or June 17, 2014. Appellant did not file his petition until February 3, 2017. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). *See Derrickson*, 923 A.2d at 468.

Appellant argues that he satisfied the newly-discovered fact exception under Section 9545(b)(1)(ii), and therefore, the PCRA court possesses jurisdiction over the merits of his petition. In particular, Appellant avers that he entered a negotiated guilty plea in exchange for a sentence of 2½ to 5 years of state incarceration, with an effective date of May 17, 2013.

- 6 -

Appellant's Brief at 11. Appellant claims that all parties and the court knew that at the time of his offense, plea and sentencing, he was serving another state sentence. Appellant also avers the agreement was clear as to the effective date of the new sentence.

Upon appearing before the Parole Board, Appellant subsequently learned that the effective date of his new sentence was not May 17, 2013; rather, "the sentence would commence subsequent to the parole board's determination with regards to [Appellant's] back time." ***Id.*** at 12. When he was informed of the discrepancy, Appellant filed the instant PCRA petition and submits that his plea counsel was ineffective for negotiating a plea bargain that could not be enforced given 61 Pa.C.S.A. § 6138(a)(5)(i).

Essentially, Appellant contends that the mandate in 61 Pa.C.S.A. § 6138(a)(5)(i) was unknown to him until his hearing before the parole board, and could not have been ascertained by the exercise of due diligence. He also relies on upon ***Commonwealth v. Kelley***, 136 A.3d 1007 (Pa. Super. 2016), in which this Court held that where an appellant "received no information regarding the statutory sequence for serving his old and new state sentences, . . . plea counsel was ineffective for advising the appellant to accept a plea bargain that called for an illegal sentence." ***Id.*** at 1014.

Our Supreme Court recently stated that the timeliness exception for newly discovered facts "requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been

ascertained by due diligence." ***Commonwealth v. Chmiel***, 173 A.3d 617, 625 (Pa. 2017) (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 852 (Pa. 2005)). The Court clarified, "to fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source." ***Chmiel***, 173 A.3d at 625 (quoting ***Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013)).

Appellant's claim does not satisfy the "newly discovered fact" exception of the PCRA. Two factual components underlie Appellant's current claim: (1) his status as a parolee at the time of sentencing; and (2) the application of 61 Pa.C.S.A. § 6138(a)(5)(i). Regarding his status as a parolee at the time of sentencing, Appellant concedes his awareness of his status; thus, this "fact" does not entitle Appellant to relief under the newly discovered fact exception. ***See*** N.T., 5/17/13, at 9. The application of Section 6138(a)(5)(i) also cannot serve as a basis for relief. Section 6138(a)(5)(i) was in effect at the time Appellant received his sentence, when he was represented by counsel. Thus, its application as a public law was ascertainable through reasonable diligence. ***See Commonwealth v. Shiloh***, 170 A.3d 553, 558-59 (Pa. Super. 2017) (presumption that pubic records cannot serve as newly discovered facts applies where petitioner is represented by counsel). Appellant cannot invoke Section 9545(b)(1)(ii) by relying upon facts that were either known to him or ascertainable through due diligence.

*Kelley* does not alter this assessment. In that case, Kelley, who was on state parole, pled guilty to several offenses in exchange for a negotiated sentence, including a specific effective date for his new sentence. *Kelley*, 136 A.3d at 1010. While incarcerated, Kelley learned that the effective date of his new sentence would be nearly two years later because of the application of Section 6138(a)(5)(i). *Id.* at 1011. As a result, Kelley filed a **timely** PCRA petition alleging that counsel was ineffective for negotiating a plea that was unenforceable and that the sentence he received pursuant to the plea was illegal. *Id.* at 1012. We granted relief on both grounds, finding that counsel's knowledge of the Parole Act was deficient and that the sentence imposed by the court was unlawful because Section 6138(a)(5)(i) placed Kelley's negotiated sentence beyond the power of the trial court. *Id.* at 1014.

Here, Appellant filed an **untimely** PCRA petition. Appellant's "discovery" at the Parole Board hearing does not convert known and/or knowable facts into unknown ones. Put differently, even if Appellant possesses a valid claim of counsel's ineffectiveness and the illegality of his sentence, he has presented no new facts to establish jurisdiction before the PCRA court. *See Commonwealth v. Lesko*, 15 A.3d 345, 367 (Pa. 2011) ("the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA"); *see also Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review

with the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto[.]").

In sum, the information upon which Appellant relies to qualify for the newly discovered fact exception was known or knowable at the time of Appellant's counseled sentencing proceeding, and does not meet the exception at Section 9545(b)(1)(ii). Thus, because Appellant's claim is patently untimely, and not subject to a statutory exception to the PCRA's time bar, the PCRA court lacked jurisdiction to review Appellant's petition. We therefore affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/19